UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
BOARD OF TRUSTEES, CARPENTERS LOCAL NO. 120 PENSION FUND, and BOARD OF TRUSTEES, CARPENTERS LOCAL NO. 120 DEFINED CONTRIBUTION FUND and BOARD OF TRUSTEES, CARPENTERS LOCAL NO. 120 HEALTH CARE FUND and BOARD OF TRUSTEES, CARPENTERS LOCAL NO. 120 APPRENTICE and TRAINING FUND and LOCAL UNION NO. 747, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (as successor to LOCAL UNION NO. 120, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA),



Case No. 03-CV-1138
(NAM/GJD)

                                                    Plaintiffs,

vs.

GRATES BUILDING ENTERPRISES, INC.; VITA M. GRATES; and GREGG G. GRATES,

                                                    Defendants.
-----------------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

**WHEREAS**, plaintiffs instituted this action against defendants asserting claims, *inter alia*, for recovery for alleged unpaid fringe benefit contributions and dues deductions, and to obtain an audit of the books and payroll records of defendant Grates Building Enterprises, Inc. ("Grates Building"), pursuant to Grates Building's Collective Bargaining Agreement with the Empire State Regional Council of Carpenters Region 3 (the "Union" and "Agreement"); and

**WHEREAS**, after commencement of this action Grates Building reported 1,709 hours of covered employment under the Agreement, and remitted payment therefor totaling $15,209.60 (including its $2,500 market recovery credited payment from Carpenters Local 747), by check dated October 30, 2003; and

**WHEREAS**, an audit of Grates Building's books and payroll records has been performed by plaintiffs' auditors during the pendency of the action, which lists hours of employment for which benefit contributions and deductions have allegedly not been paid by Grates Building under the Agreement, covering January 1, 2002 through September 30, 2005 (the "Audit"); and

**WHEREAS**, defendants have disputed the Audit and have represented that a number of employees listed on the Audit have or will execute affidavits attesting that no fringe benefit contributions and deductions as shown in the Audit are owed for work by them for Grates Building, and waiving any claim of entitlement to benefits, or credited service for benefits, for the hours shown on the Audit; and

**WHEREAS**, the parties wish to settle this action without the need for further proceedings and to avoid the expense and uncertainties of further litigation;

**NOW, THEREFORE**, in consideration of the several and mutual premises, agreements and representations of the parties, it is hereby stipulated and agreed that this action shall be settled and discontinued as follows:

1.      Defendants agree to make payment to plaintiffs in the sum of $3,000.00 in settlement of this action, which shall be received by plaintiffs' counsel on or before March 23, 2007, by defense counsel's IOLA check or by bank or certified check, payable to "Meyer, Suozzi, English & Klein, P.C., as attorneys."

2.      The parties hereby stipulate and agree that this action be dismissed with prejudice; provided, however, that upon the failure of defendants to remit payment as provided pursuant to paragraph 1 above or to comply with the terms of settlement set forth in subparagraphs 2(a) and 2(b) below, defendants hereby consent to the immediate entry of judgment for the damages claimed in plaintiffs' complaint for the late payment of fringe benefit contributions and deductions, and for the unpaid benefit contributions and deductions set forth in the Audit, giving

credit for any payments made under this Stipulation of Settlement and for alleged unpaid amounts for hours covered by an Affidavit and Waiver submitted in accordance with subparagraph 2(a) below, after five (5) days written notice of default to be provided by fax and e-mail to defendants' counsel, and the defendants' failure to cure.

(a) Defendants represent, warrant and agree, that on or before March 23, 2007 they shall deliver to plaintiffs' counsel original, duly executed and acknowledged affidavits by Edward Morgan, James Ward and Dan Allen, attesting that no fringe benefit contributions and dues deductions as shown in the Audit are owed for work by them for Grates Building, and waiving any claim of entitlement to benefits, or credited service for benefits, for the hours shown in the Audit (an "Affidavit and Waiver").

(b) Defendants covenant and agree that if an Affidavit and Waiver for any such individual is not delivered to plaintiffs' counsel on or before March 23, 2007 as specified in subparagraph (a) above, defendants shall immediately pay over to plaintiffs the unpaid fringe benefit contributions and dues deductions for the unpaid hours set forth in the Audit for each such individual, with interest on the unpaid amount as provided under the Agreement from the original due date of such unpaid contributions and deductions, to the date of payment.

3. Defendants hereby acknowledge and affirm that they have provided to plaintiffs a duly executed and acknowledged affidavit attesting to full payment by Grates Building for all hours of employment by its employees covered by the Agreement based on its work and payroll records, including as covered by the period of the Audit, and agreeing to indemnify and hold harmless plaintiffs, their successors or assigns, from any claim for benefits, or credited service for benefits, as may be asserted by any of the individuals listed in subparagraph 2(a) above, and that plaintiffs have relied on such representations in entering into the settlement of this action.

4. This Stipulation of Settlement constitutes a complete and comprehensive expression by the parties hereto of their respective rights and obligations hereunder, and shall not be modified, changed or amended in any respect except in a writing signed by each of the parties hereto.

**IN WITNESS WHEREOF**, the parties intending to be legally bound, have caused this Stipulation of Settlement to be executed by their undersigned, duly authorized attorneys, as of the dates below written.

Dated: Melville, New York
March 16, 2007

          MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

          By: /s/ John H. Byington III
              John H. Byington III
          Bar Roll No. 511481
          Attorneys for Plaintiffs
          425 Broadhollow Road, Suite 405
          P.O. Box 9064
          Melville, New York 11747
          631-249-6565

Dated: Utica, New York
March 16, 2007

          FINER & GIRUZZI-MOSCA

          By: /s/ Stuart E. Finer
              Stuart E. Finer, Esq.
          Bar Roll No. 101643
          Attorneys for Defendants
          2615 Genesee Street
          Utica, New York 13501
          315-724-7800

SO ORDERED:

_/s/ Norman A. Mordue_
U.S.D.J.
March 16, 2007

4

599369